1  XAVIER BECERRA
   Attorney General of California
2  PAUL STEIN
   Supervising Deputy Attorney General
3  AARON JONES
   Deputy Attorney General
4  State Bar No. 248246
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3805
6    Fax:  (415) 703-1234
     E-mail:  Aaron.Jones@doj.ca.gov
7  *Attorneys for Defendants*

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  **OKSANA MICHIE, on behalf of          2:20-cv-04213-DDP-JPR
    herself and others similarly situated,**
13                                         **MEMORANDUM OF POINTS
                                Plaintiffs, AND AUTHORITIES IN SUPPORT
14                                         OF MOTION TO DISMISS**
         **v.**
15                                         Date:        August 24, 2020
    **GAVIN CHRISTOPHER NEWSOM,**          Time:        9:00 a.m.
16  **in his official capacity as Governor of** Courtroom:  850
    **the State of California; TANI G.**   Judge:       The Hon. R. Gary
17  **CANTIL-SAKAUYE, in her official**                 Klausner
    **capacity as Chair of the Judicial**  Trial Date:  None Set
18  **Council,**
                                           Action Filed: May 8, 2020
19                                 **Defendants.**

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction.................................................................................................1

Background ................................................................................................2

     I.     Unlawful Detainer Law in California. ..................................2

     II.    Emergency Measures Affecting Unlawful Detainer During the COVID-19 Pandemic. .............................................................3

          A.     Executive Order N-37-20. ..........................................3

          B.     California Rules of Court, Emergency Rule 1............5

     III.   The Complaint's Challenge to the Emergency Measures....................6

Argument .....................................................................................................7

     I.     Plaintiff Lacks Standing to Challenge the Emergency Measures.........7

     II.    Plaintiff's Claims for Monetary Damages Exceed the Scope of Section 1983 and Are Barred by the Eleventh Amendment...............11

     III.   The Claims Against Governor Newsom are Moot. ...........................13

Conclusion ................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Agua Caliente Band of Cahuilla Indians v. Hardin*
   223 F.3d 1041 (9th Cir. 2000) ........................................................ 12

*Atascadero State Hosp. v. Scanlon*
   473 U.S. 234 (1985) ...................................................................... 11

*Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010) ........................................................ 7

*Coal. to Defend Affirmative Action v. Brown*
   674 F.3d 1128 (9th Cir. 2012) ...................................................... 11

*Ctr. For Biological Diversity v. Lohn*
   511 F.3d 960 (9th Cir. 2007) ........................................................ 13

*In re Burrell*
   415 F.3d 994 (9th Cir. 2005) ........................................................ 13

*In re Di Giorgio*
   134 F.3d 971 (9th Cir. 1998) ........................................................ 12

*In re Jackson*
   184 F.3d 1046 (9th Cir. 1999) ...................................................... 11

*Lacano Investments, LLC v. Balash*
   765 F.3d 1068 (9th Cir. 2014) ........................................................ 7

*Martin-Bragg v. Moore*
   219 Cal. App. 4th 367 (2013) ........................................................ 3

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009) ........................................................ 7

*N. E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.*
   712 F.3d 461 (9th Cir. 2013) .................................................... 11, 12

*Papasan v. Allain*
   478 U.S. 265 (1986) .............................................................. 11, 12

**TABLE OF AUTHORITIES**
(continued)

Page

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984) ................................................................. 11, 12

*People of Vill. of Gambell v. Babbitt*
  999 F.2d 403 (9th Cir. 1993) ......................................................... 12

*Quern v. Jordan*
  440 U.S. 332 (1979) ....................................................................... 11

*Rickley v. Goodfriend*
  212 Cal. App. 4th 1136 (2013) ......................................................... 2

*San Diego Cty. Gun Rights Comm. v. Reno*
  98 F.3d 1121 (9th Cir. 1996) ......................................................... 7, 9

*Schmier v. U.S. Court of Appeals for Ninth Circuit*
  279 F.3d 817 (9th Cir. 2002) .......................................................... 10

*Spokeo, Inc. v. Robins*
  136 S. Ct. 1540 (2016) ............................................................... 8, 10

*Titus v. Canyon Lake Prop. Owners Ass'n*
  118 Cal. App. 4th 906 (2004) ........................................................... 2

*Walt v. Superior Court*
  8 Cal. App. 4th 1667 (1992) ............................................................. 3

*Warth v. Seldin*
  422 U.S. 490 (1975) .................................................................. 8, 10

*Western Mining Council v. Watt*
  643 F.2d 618 (9th Cir. 1981) ........................................................ 7, 10

*Will v. Michigan Dep't of State Police*
  491 U.S. 58 (1989) ................................................................. 11, 12

*Ex parte Young*
  209 U.S. 123 (1908) ....................................................................... 12

iii

# TABLE OF AUTHORITIES
## (continued)

Page

**STATUTES**

United States Code, Title 42
§ 1983 ..................................................................................... *passim*

California Code of Civil Procedure
§ 1161 ................................................................................................ 2, 9
§§ 1161(2)-(3) ...................................................................................... 2
§ 1161.5 ............................................................................................... 2
§ 1166 .................................................................................................. 2
§ 1166(e) ............................................................................................. 3
§ 1167 .............................................................................................. 3, 4
§ 1167(a) ............................................................................................. 3
§ 1167.3 ............................................................................................... 3
§ 1167.4 ............................................................................................... 3
§ 1167.5 ............................................................................................... 3
§ 1170.5 ............................................................................................... 3
§§ 1170.7-1170.9 ................................................................................ 3
§ 1174 .................................................................................................. 3

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Eleventh Amendment ............................................. 1, 10, 11, 12

United States Constitution
Article III ........................................................................... 7, 10

**COURT RULES**

California Rules of Court
Emergency Rule 1 .......................................................... *passim*

Federal Rules of Civil Procedure
Rule 12(b)(1) ...................................................................................... 7
Rule 12(b)(6) ...................................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

**OTHER AUTHORITIES**

Executive Order

   N-37-20............................................................................................*passim*

   N-37-20(3).......................................................................................13

   N-37-20 ¶ 1......................................................................................4

   N-37-20 ¶ 2......................................................................................4

   N-37-20 ¶ 3......................................................................................4

   N-38-20............................................................................................5

1 **INTRODUCTION**

2      Plaintiff challenges two measures enacted in California to slow the sharp rise

3 in evictions during the COVID-19 emergency.  Specifically, Plaintiff challenges

4 Executive Order N-37-20 and Emergency Rule 1 of the California Rules of Court,

5 which both were issued in the early days of the COVID-19 outbreak in California.

6 Both measures make certain temporary changes to the procedures governing

7 unlawful detainer actions (i.e., eviction actions) in California courts.  Plaintiff, a

8 landlord in Ventura County, challenges these measures on various constitutional

9 grounds, none of which have merit.  As a threshold matter, dismissal of the action is

10 required because of the Complaint's multiple, fatal jurisdictional defects.

11      First, Plaintiff fails to satisfy her burden to establish that she has standing to

12 bring this action.  Under well-settled law, to invoke the court's jurisdiction, the

13 complaint must include well-pled factual allegations clearly demonstrating that the

14 plaintiff has standing.  Plaintiff alleges no facts indicating that she has been injured

15 by the challenged measures, the most basic requirement of standing.  The

16 challenged measures make temporary changes to the procedures for some unlawful

17 detainer actions in California, but the Complaint is devoid of allegations that

18 Plaintiff has a case for unlawful detainer that has been affected by those measures,

19 or even that Plaintiff has viable grounds to bring such a case.  It is well-settled that

20 the mere possibility that the plaintiff might be injured by a challenged measure in

21 the future does not suffice to establish standing.

22      Second, the Complaint seeks monetary damages under 42 U.S.C. § 1983, but

23 the Supreme Court has squarely ruled that § 1983 does not authorize claims for

24 damages against a state official acting in his or her official capacity.  Furthermore,

25 the State's Eleventh Amendment immunity squarely bars Plaintiff's damages

26 claims, and the Court thus lacks jurisdiction over those claims.

27

28

1   Third, Plaintiff's claims against Governor Newsom are moot, because

2   Executive Order N-37-20—the sole act by Governor Newsom that the Complaint

3   challenges—expired by its own terms on May 31, 2020.

**BACKGROUND**

**I.   UNLAWFUL DETAINER LAW IN CALIFORNIA.**

Unlawful detainer is a summary civil proceeding in state court for the
restoration of possession of real property (i.e., eviction) for which California law
provides expedited judicial procedures. *See generally Titus v. Canyon Lake Prop.*
*Owners Ass'n*, 118 Cal. App. 4th 906, 914 (2004). A landlord can pursue an
unlawful detainer action to evict a tenant in certain statutorily defined situations,
including if the tenant continues in possession of the property after a default in the
payment of rent, or after the termination of the lease term, or after failing to
perform other conditions of the lease. *See* Cal. Code Civ. Proc. § 1161.[1]

Before a landlord can pursue an unlawful detainer action for nonpayment of
rent, the landlord must serve the tenant with a three-day notice of termination of the
lease, and the tenant has a right to cure the default by paying the rent due during the
three-day period. *Id.* §§ 1161(2)-(3); 1162. The tenant commits an "unlawful
detainer" only if the tenant fails to cure the default. *Id.*; *see also id.* § 1161.5.

If a landlord serves notice of termination of the lease and the tenant fails to
cure the default, the landlord can file a complaint in Superior Court for unlawful
detainer. *Id.* § 1166. Because of the summary nature of the proceedings, only
specific issues can be pursued in an unlawful detainer action—generally, only a
judgment for the possession of the premises, forfeiture of the lease, if appropriate,
and certain limited damages (mainly, the amount of any rent past due and any

---

[1] California law prohibits "self-help" to recover possession of real property,
and requires use of certain statutory or common law procedures, such as unlawful
detainer. *See Rickley v. Goodfriend*, 212 Cal. App. 4th 1136, 1154 (2013).

1    incidental damages resulting from the unlawful detention itself).  *Id*. § 1174; *see*

2    *Martin-Bragg v. Moore*, 219 Cal. App. 4th 367, 385 (2013).[2]

3         The plaintiff must serve the summons and complaint in the same manner as in

4    other civil actions.  Cal. Code Civ. Proc. §§ 1166(e), 1167.  The action is then

5    subject to expedited summary procedures, as compared to other civil actions.  For

6    example, the defendant must respond to the complaint within only five days.  *Id*. §§

7    1167(a), 1167.3.  The unlawful detainer statutes also prescribe shorter times for

8    conducting discovery, responding to summary judgment motions and other

9    motions, and setting the action for trial, and they limit the availability of extensions

10   of time.  *Id*. §§ 1167.4, 1167.5, 1170.5, 1170.7-1170.9.

11   **II.   EMERGENCY MEASURES AFFECTING UNLAWFUL DETAINER DURING**
12   **      THE COVID-19 PANDEMIC.**

13        On March 4, 2020, Governor Newsom proclaimed the existence of a state of

14   emergency in California due to the outbreak of COVID-19.  (*See* Compl. Ex. A.)

15   Following the proclamation of a state of emergency, the Governor and other

16   officials have taken numerous actions to address the dire public health, economic,

17   and other impacts of this unprecedented emergency.  Plaintiff challenges two

18   measures that seek to mitigate the sharp rise in evictions caused by the COVID-19

19   emergency:  Executive Order N-37-20, and Emergency Rule 1 of the California

20   Rules of Court.

21        **A.   Executive Order N-37-20.**

22        On March 27, 2020, Governor Newsom issued Executive Order N-37-20

23   (hereafter, the "Executive Order") (Compl. Ex. 2), which made two temporary

24   changes to the rules governing unlawful detainer proceedings in California.

25

26

27        ────────────────

          [2] A landlord can pursue any claims for other types of damages in a separate
28   civil action, which is not subject to the summary procedures for unlawful detainer.
     *See, e.g.*, *Walt v. Superior Court*, 8 Cal. App. 4th 1667, 1678 (1992).

3

First, the Executive Order provided that the defendant's deadline to respond to an unlawful detainer complaint (set forth in Code of Civil Procedure § 1167) was extended by sixty days in specified circumstances.  This extension applied only to unlawful detainer complaints served while the Executive Order was in effect that sought to evict a tenant for nonpayment of rent, and only if certain additional requirements were met, including that the tenant notified the landlord in writing of an inability to pay rent related to COVID-19 within seven days of when the rent was due, and that the tenant retained verifiable documentation of those changed financial circumstances.  (*See* Compl. Ex 2 (Executive Order N-37-20 ¶ 1).)  No extension applied if any of these requirements were not satisfied.

Second, the Executive Order provided that, while the Order was in effect, no writ could be enforced to evict a tenant from a residence or dwelling unit for nonpayment of rent who satisfied the requirements described above regarding notification of changed financial circumstances related to COVID-19 and documentation thereof.  (*See* Compl. Ex. 2 (Executive Order N-37-20 ¶ 2).)  Again, this limitation did not apply unless the tenant satisfied all requirements set forth in the Order.

The Executive Order did not relieve a tenant of any liability for unpaid rent. (Compl. Ex. 2 (Executive Order N-37-20 ¶ 3).

In issuing the Order, the Governor recognized that many Californians were experiencing layoffs and loss of income because of business closures related to the COVID-19 emergency, leaving them "vulnerable to eviction," and that minimizing evictions during the emergency was "critical to reducing the spread of COVID-19 in vulnerable populations by allowing all residents to stay home or at their place of residence in compliance with [public health directives]."  (Compl. Ex. 2 (Executive Order N-37-20 at p. 1).)

The Executive Order is no longer in effect, having expired by its own terms on May 31, 2020.  (*See* Compl. Ex. 2 (Executive Order N-37-20 ¶ 3).)

4

### B.   California Rules of Court, Emergency Rule 1.

On April 6, 2020, in response to the COVID-19 emergency, the Judicial Council adopted eleven temporary emergency rules, which are added as Appendix I to the California Rules of Court (hereafter, the "Emergency Rules"). Emergency Rule 1 makes three changes to the rules governing unlawful detainer proceedings in California.[3]

First, the rule provides that "[a] court may not issue a summons on a complaint for unlawful detainer unless the court finds, in its discretion and on the record, that the action is necessary to protect public health and safety." (*See* Compl. Ex. 4 (Emergency Rule 1(b)).)

Second, the rule provides that a court may not enter a default or a default judgment for restitution in an unlawful detainer action unless the court finds that the action is necessary to protect public health and safety, and that the defendant has failed to appear within the time provided by law. (*Id*. (Emergency Rule 1(c)).)

Third, the rule provides that, if a defendant has appeared, the court may not set a trial date earlier than 60 days after a request for trial is made unless the court finds that an earlier trial date is necessary to protect public health and safety, and that any trial already set is continued at least 60 days. (*Id*. (Emergency Rule 1(d)).)

The rule provides that it will remain in effect "until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council." (*Id*. (Emergency Rule 1(e)).)

The Judicial Council's report regarding the Emergency Rules explained that "[c]ourts are currently operating with greatly reduced staff and judicial officers are

---

[3] The Judicial Council adopted the Emergency Rules under the authority granted by Executive Order N-38-20, which temporarily extended additional emergency authority to the Chief Justice and Judicial Council.  (*See* Compl. Ex. 3.) The Complaint references Executive Order N-38-20 in passing (Compl. ¶¶ 4, 10), but it does not appear to challenge that measure—it does not allege that Executive Order N-38-20 violates any provision of the constitution or deprives Plaintiff of any right.  And Plaintiff could make no such claim, since that measure does not itself make any changes to unlawful detainer proceedings.

overtaxed and risking their health," forcing the courts to determine which urgent

court services must take priority.[4]  It further stated that, because of the economic

disruptions caused by the COVID-19 crisis, the number of unlawful detainer

actions was expected to "explode" in the coming months.  (*Id*. Ex _, at 7.)  The

Judicial Council further explained that at a time when people are being urged to

stay at home to protect the public health, unlawful detainers are problematic

because:  (1) "they require very fast legal responses (within five days) from

defendants who are often self-represented at a time when court self-help centers and

legal aid services are not readily available," and (2) "they threaten to remove people

from the very homes they have been instructed to remain in."  (*Id*.)

## III.  THE COMPLAINT'S CHALLENGE TO THE EMERGENCY MEASURES.

Plaintiff Oksana Michie ("Plaintiff") is an individual who resides in Ventura

County and allegedly owns one or more rental properties.  Plaintiff challenges

Executive Order N-37-20 and Emergency Rule 1, purportedly on behalf of a

putative class of similarly situated landlords statewide.  (*See* Compl. ¶¶ 1, 21, 48.)

Plaintiff alleges generally that the Executive Order and Emergency Rule 1

"forc[e] Plaintiffs to allow tenants to live in their property free of rent."  (*Id*. ¶¶ 1,

38.)  Plaintiff alleges that these measures "prevent all evictions for at least . . . five

months," and that because of these measures "Oksana and other Class Members no

longer have a means to enforce rent payments."  (*Id*. ¶¶ 37, 40.)

Based on allegations such as these, Plaintiff raises three constitutional

challenges to the Executive Order and Emergency Rule 1.  Plaintiff alleges that

these measures violate the Contracts Cause (Count 1), the Takings Clause

(Count II), and the substantive component of the Due Process Clause (Count III).

---

[4] See April 6, 2020, Meeting, Item 20-141, *available at*
https://jcc.legistar.com/View.ashx?M=F&ID=8233133&GUID=4CE2DDDF-426E-
446C-8879-39B03DE418B3.

6

Plaintiff seeks compensatory damages under 42 U.S.C. § 1983 and punitive damages.  (Compl., Prayer for Relief.)[5]  Plaintiff also seeks a declaratory judgment for the Contracts Clause and Takings claims, and a permanent injunction against enforcement of the challenged measures.  (*Id.*)

### ARGUMENT

A complaint that fails to establish the requirements of Article III, including standing, is subject to dismissal for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010).  The burden of establishing the Article III requirements is at all times with the party invoking federal jurisdiction, and at the pleading stage, the relevant facts "must be clearly alleged in the complaint."  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  In resolving such a motion, the court accepts as true the complaint's material factual allegations, but does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Id.* at 624 (further explaining that a court "cannot construe the complaint so liberally as to extend [its] jurisdiction beyond its constitutional limits").

A complaint also must be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a claim must be supported by well-pled factual allegations, not mere legal conclusions.  *See Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (requiring more than "a formulaic recitation of the elements").

---

[5] The Complaint is less than clear about the claims for which Plaintiff seeks damages.  Plaintiff alleges in all three "Counts" that she has sustained monetary damages (Compl. ¶¶ 72, 93, 108), but the Prayer for Relief seeks compensatory damages only for the Takings and Due Process claims.  The Prayer also generally seeks punitive damages, without specifying particular causes of action.

## I. PLAINTIFF LACKS STANDING TO CHALLENGE THE EMERGENCY MEASURES.

Article III of the Constitution limits federal court jurisdiction to actual cases or controversies, and the standing doctrine is a core element of the case-or-controversy requirement. *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Plaintiff fails to establish that she has standing to bring this action.

The "irreducible constitutional minimum" of standing consists of three elements. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish the "first and foremost" of these elements, injury in fact, the plaintiff must show an injury that is both "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (citation omitted).[6]

Plaintiff, as the party invoking the Court's jurisdiction, bears the burden of establishing the three elements of standing. *Id*. at 1547. At the pleading stage, "the plaintiff must '*clearly* . . . allege facts demonstrating' *each element*" of standing." *Id*. (ellipses in original; citation omitted; emphasis added); *see also Warth*, 422 U.S. at 518 ("It is the responsibility of the complainant *clearly to allege facts demonstrating* that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.") (emphasis added).

Plaintiff fails to satisfy her burden to establish that she has standing to bring this action. The Complaint alleges no facts whatsoever establishing that Plaintiff has been harmed by the Executive Order or Emergency Rule 1. The Complaint

---

[6] These requirements are the same when a case is styled as a class action, since the named plaintiff must allege facts sufficient to establish that he or she personally has standing. *Spokeo, Inc.*, 136 S. Ct. at 1548 n. 4.

alleges only that Plaintiff is a landlord who *previously* evicted a tenant, and that the Executive Order and Emergency Rule 1 allegedly now "prevent all evictions" for at least five months.  (Compl. ¶¶ 21, 35-37.)

Plaintiff does not have standing merely because she is a landlord.  Because the challenged measures make specific, temporary changes to the procedures governing unlawful detainer actions in California courts, Plaintiff has not suffered an injury-in-fact absent allegations that she is pursuing a case for unlawful detainer, or at least has viable grounds to bring such a case.  The Ninth Circuit has "repeatedly admonished [] that '[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy.'"  *San Diego Cty. Gun Rights Comm.*, 98 F.3d at 1126 (citations omitted).

Plaintiff alleges no facts establishing any current involvement in unlawful detainer proceedings, or even viable grounds for an unlawful detainer case.  For example, the Complaint does not allege that Plaintiff has an unlawful detainer case pending in any court.  It does not even allege that any of Plaintiff's tenants has defaulted on rent obligations or otherwise committed an unlawful detainer.  (*See supra*, p. 2; Cal. Code Civ. Proc. § 1161.)  Even if a tenant had defaulted on his or her rent, the tenant has not committed an unlawful detainer—and Plaintiff thus has no grounds for an unlawful detainer action—unless Plaintiff has served the tenant with a notice of termination of the lease and the tenant failed to cure the default. (*Supra*, p. 2.)  The Complaint, again, does not allege that this has occurred.  In

1  short, the Complaint does not allege that Plaintiff has any current or imminent

2  involvement in unlawful detainer proceedings.[7]

3      Even if Plaintiff had alleged facts establishing that she has a case for unlawful

4  detainer (she has not), Plaintiff still would need to show that she has been harmed

5  by Executive Order N-37-20 and Emergency Rule 1, to challenge those measures.

6  Those two measures do not affect all unlawful detainer actions.  For example, the

7  Executive Order merely provides that, *if* specified conditions are met, the

8  defendant's deadline to respond to the complaint is extended by 60 days, and *if*

9  specified conditions are met, no writ may be enforced to evict a residential tenant

10  for nonpayment of rent while the Order is in effect.  (*Supra*, pp. 3-4.)[8]  The

11  Complaint does not allege that the conditions required for application of that

12  measure are met.  Similarly, Emergency Rule 1 makes three specific changes to the

13  unlawful detainer rules.  *Id*.  The Complaint alleges no facts whatsoever indicating

14  that Plaintiff has been injured by any provision of *either* challenged measure, much

15  less *both* measures.  Therefore, the Complaint fails to establish that Plaintiff has

16  suffered injury in fact caused by the challenged measures.

17      The Complaint includes various conclusory allegations to the effect that

18  Executive Order N-37-20 and Emergency Rule 1 "force [Plaintiff] to allow tenants

19  to live in her properties rent free."  (Compl. ¶¶ 1, 38.)  The Complaint, however,

20  alleges no facts to support or explain this conclusory assertion.  It is well-settled

21  that mere conclusory allegations of harm of this sort, unaccompanied by well-pled

22      [7] For these reasons, Plaintiff has failed to establish standing to warrant either
23  injunctive relief or damages.  In order to establish standing to seek injunctive relief,
a plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the
24  future."  *Chapman v. Pier 1 Imps.* (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011),
quoting *O'Shea v. Littleton* (1974) 414 U.S. 488, 496.  Plaintiff does not
25  demonstrate a "real and immediate threat of repeated injury" because her complaint
fails to allege that any of her properties house non-paying tenants or that she has
26  issued uncured notice of lease terminations in efforts to collect payments.  These
are conditions precedent before Executive Order N-37-20 and Emergency Rule 1
27  would have any effect.

28      [8] Therefore, some evictions could, and did, take place during the period in
which the Executive Order was in effect.

10

*factual* allegations that "clearly" establish the elements of standing, fail to satisfy a plaintiff's burden under Article III.  *See, e.g.*, *Warth*, 422 U.S. at 503-504, 508 (rejecting similar assertion of injury "alleged in conclusory terms" and requiring the plaintiff "clearly" to allege "a demonstrable, particularized injury"); *Spokeo, Inc.*, 136 S. Ct. at 1547 ("at the pleading stage, the plaintiff must '*clearly* ... allege *facts* demonstrating' *each element*" of standing) (emphasis added); *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002) (the plaintiff "has the burden of alleging *specific facts* sufficient to satisfy these three elements") (emphasis added); *Western Min. Council*, 643 F.2d at 624 (the liberal reading accorded to complaints is "subject to the requirement that the facts demonstrating standing must be clearly alleged in the complaint").

For these reasons, Plaintiff fails to satisfy her burden to establish that she has standing to bring this action for either damages or other equitable relief.

## II. PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES EXCEED THE SCOPE OF SECTION 1983 AND ARE BARRED BY THE ELEVENTH AMENDMENT.

Plaintiff sues Governor Newsom and Chief Justice Cantil-Sakauye, in their official capacities, seeking to recover monetary damages (both compensatory and punitive) under 42 U.S.C. § 1983.  Section 1983, however, does not create a cause of action for damages against Defendants.  Furthermore, the State's Eleventh Amendment immunity bars Plaintiff's damages claims as a threshold matter.

Neither § 1983 nor any other law create a cause of action for damages against Defendants.  Section 1983 applies only to a "person" who, acting under color of state law, deprives another person of a federal right.  42 U.S.C. § 1983.  The Supreme Court has squarely ruled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Plaintiff's damages claims fail to state a claim upon which relief can be granted.

In addition to this defect, the State's Eleventh Amendment sovereign immunity bars Plaintiff's damages claims.  Eleventh Amendment immunity is a threshold issue that must be resolved at the outset of the case.  As the Ninth Circuit has explained, a court should resolve Eleventh Amendment immunity issues "before [it] reach[es] the merits of this case," since the Eleventh Amendment "limits the jurisdiction of the federal courts." *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999); *see also Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (similar).[9]

The Eleventh Amendment bars suits against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276-77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  Nor has the State of California waived that immunity with respect to claims brought under § 1983 in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).  The Eleventh Amendment also bars suits against a state official acting in his or her official capacity, which are deemed to be suits against the State.  See, e.g., *Pennhurst*, 465 U.S. at 101 ("The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest'" ) (citations omitted); *Will v. Michigan Dep't of State Police*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity" is "a suit against the official's office.") (citations omitted).

The Supreme Court has recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908).  The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief

---

[9] This is true even if the Eleventh Amendment bars some claims or sought-after remedies, such as damages claims, but not others, such as claims for prospective relief. *See, e.g., N. E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.*, 712 F.3d 461, 466-471 (9th Cir. 2013).

against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).  The *Ex parte Young* exception, however, does not authorize suits for monetary damages against a state or state officer acting in his or her official capacity.  Those suits remain squarely barred by the State's Eleventh Amendment immunity.  *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 278 (1986). Damages claims brought in contravention of the Eleventh Amendment—such as Plaintiff's claims here—are subject to a motion to dismiss even if the plaintiff also seeks prospective relief.  *N. E. Med. Servs., Inc.*, 712 F.3d at 466-471 (9th Cir. 2013).  Therefore, the Eleventh Amendment also requires dismissal of Plaintiff's damages claims.

## III.  THE CLAIMS AGAINST GOVERNOR NEWSOM ARE MOOT.

Plaintiff's claims against Governor Newsom are moot, because Executive Order N-37-20 has expired and is no longer in effect.

An action becomes moot when it "loses its 'character as a present live controversy' during the course of litigation." *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998).  "The basic question is whether there exists a "present controversy as to which effective relief can be granted." *People of Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993).  When a controversy is moot, the court lacks jurisdiction to hear the action.  *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).

The Complaint no longer pleads a live controversy with Governor Newsom. The only act by Governor Newsom that the Complaint challenges is Executive Order N-37-20.  (*See* Compl. ¶ 3.)  That measure, however, states that it shall be in effect only through May 31, 2020.  (Compl. Ex. 2 (Executive Order N-37-20(3)).)[10] The Executive Order expired of its own force on that date.  Therefore, Plaintiff's

---

[10] Specifically, the Executive Order states:  "The protections in paragraphs 1 and 2 shall be in effect through May 31, 2020."  *Id*.  The Order includes three paragraphs—paragraphs 1 and 2 set forth the substantive provisions challenged in this action (*see supra* at pp. 3-4), and paragraph 3 is this sunset provision.

1   claims against Governor Newsom no longer present a live case or controversy.  *Ctr.*

2   *For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) ("no 'live'

3   controversy remains between the parties [when] the challenged activity has

4   'evaporated or disappeared'").  Nor do Plaintiff's claims for damages seeking to

5   remedy alleged past harms create a live, ongoing controversy because Plaintiff has

6   no viable damages claims, for the reasons stated in the prior section.  (*Supra* at

7   p. 11-12.)  Similarly, Plaintiff does not allege that the Executive Order caused a

8   taking of her property requiring "just compensation" during the two months it was

9   in effect (*see* Compl. ¶¶ 31, 37, 80), and could not plausibly allege such a claim.

10       For these reasons, all of the Complaint's claims against Governor Newsom are

11   moot and should be dismissed.

12                          **CONCLUSION**

13       For the foregoing reasons, Defendants respectfully request that the Court grant

14   this Motion and dismiss the Complaint in its entirety.

15

16

17   Dated:  July 6, 2020                    Respectfully submitted,

18                                           XAVIER BECERRA
                                             Attorney General of California
19                                           PAUL STEIN
                                             Supervising Deputy Attorney General

20

21                                           /s/ Aaron Jones
22                                           AARON JONES
                                             Deputy Attorney General
23                                           *Attorneys for Defendants*

24

25

26

27

28

                                   14